FILED
 2016 Sep-23  PM 02:29
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **FIRST TEAM LLC** and **REGINALD WILLIAMS,** ) ) ) | |
| Plaintiffs, ) ) | |
| vs. ) ) | Civil Action No. 5:16-CV-0608-CLS |
| **OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA,** ) ) ) ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER DISMISSING FEWER THAN ALL CLAIMS

Plaintiffs, First Team LLC and Reginald Williams, filed an Amended Complaint on August 24, 2016, asserting claims for breach of contract and bad faith against defendant Occidental Fire & Casualty Company of North Carolina ("Occidental").[1] The case currently is before the court on defendant's partial motion to dismiss.[2] Upon consideration of the motion and the Amended Complaint,[3] the court concludes that the motion should be granted.

## I. STANDARD OF REVIEW

---

[1] *See* doc. no. 18 (Amended Complaint).

[2] Doc. no. 20.

[3] Plaintiffs were ordered to file a response to the partial motion to dismiss by September 14, 2016, but they did not do so. *See* doc. no. 22 (text order requiring a response to the partial motion to dismiss by September 14, 2016).

Federal Rule of Civil Procedure 12(b) permits a party to move to dismiss a complaint for, among other reasons, "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). This rule must be read together with Rule 8(a), which requires that a pleading contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While that pleading standard does not require "detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007), it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). As the Supreme Court stated in *Iqbal*:

> A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." [*Twombly*, 550 U.S., at 555]. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557.
>
> To survive a motion to dismiss founded upon Federal Rule of Civil Procedure 12(b)(6), [for failure to state a claim upon which relief can be granted], a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Id.*, at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557 (brackets omitted).

> Two working principles underlie our decision in *Twombly*. *First*, the tenet that a court must accept as true all of the allegations contained in a complaint is *inapplicable to legal conclusions*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*., at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Second*, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id*., at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not "show[n]" — "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).
>
>   In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While *legal conclusions* can provide the framework of a complaint, they must be supported by factual allegations. *When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief*.

*Iqbal*, 556 U.S. at 678-79 (emphasis and alterations supplied).

## II. ALLEGATIONS OF PLAINTIFF'S AMENDED COMPLAINT

Reginald Williams owns and operates First Team LLC ("First Team"), an Alabama corporation engaged in the business of providing trucking and shipping

services.[4]  Occidental issued a policy insuring First Team's fleet of trucks for a period that covered April 1, 2015, to the present.[5]  The sole named insured under the policy is "First Team, LLC."[6]  First Team suffered a loss on one of its covered vehicles on May 4, 2015.[7]  It submitted a claim for that loss under its policy with Occidental, but Occidental denied the claim.[8]  Plaintiffs assert that the denial of the claim resulted in a breach of the insurance contract between First Team and Occidental, and that Occidental denied the claim in bad faith.[9]

### III. DISCUSSION

Defendant asserts that the claims asserted by Reginald Williams should be dismissed because Williams is not a party to the insurance contract at issue.  The court agrees.  Even though Williams is the owner-operator of First Team, he cannot recover on a breach of contract or bad faith claim against Occidental because he was not individually named as an additional insured under the Occidental policy.  *See* Ala. Code § 10A-5-2.07 ("Neither a member nor a manager of a limited liability company

---

[4] Doc. no. 18 (Amended Complaint) ¶ 6.

[5] *Id.* ¶¶ 7-8.

[6] *See* doc. no. 18-1, at ECF 3 (Common Policy Declarations).  Because plaintiffs attached a copy of the Policy Declarations to their Amended Complaint, the court can consider the Declarations without converting the motion to dismiss into a motion for summary judgment.  *See Griffin Industries, Inc. v. Irvin*, 496 F.3d 1189, 1205 (11th Cir. 2007).

[7] Doc. no. 18 (Amended Complaint) ¶ 9.

[8] *Id.* ¶¶ 11-15.

[9] *Id.* ¶¶ 10-30.

is a proper party to proceedings by or against a limited liability company, except where the object is to enforce a member's or manager's rights against or liability to the limited liability company."); *Oliver v. M/V BARBARY COAST*, 901 F. Supp. 2d 1340, 1345 (S.D. Ala. 2012) ("In Alabama, a member of an LLC does not have a right to pursue a claim of the LLC under an insurance policy issued in favor of, and to, the LLC.") (citations omitted); *Carey v. Howard*, 950 So. 2d 1131, 1136 (Ala. 2006) ("As members, the Carey litigants are not proper parties to any proceedings brought by that entity."). Accordingly, all claims asserted individually by Williams are due to be dismissed.

## IV. CONCLUSION AND ORDERS

For the reasons stated above, defendant's partial motion to dismiss is GRANTED, and it is ORDERED that all claims asserted by plaintiff Reginald Williams are DISMISSED with prejudice. The action remains pending on the claims asserted by plaintiff First Team LLC.

DONE this 23rd day of September, 2016.

_____
United States District Judge